IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| JON THOMAS CORSO, | ) | CIVIL NO. 11-00102 JMS/BMK |
|---|---|---|
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| vs. | ) | |
| DR. PADERES, DR. DEWITT, DEPARTMENT OF PUBLIC SAFETY, | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT**

Before the court is pro se plaintiff Jon Thomas Corso's ("Plaintiff") prisoner civil rights complaint. Plaintiff names the Hawaii Department of Public Safety, and Halawa Correctional Facility ("HCF") physicians Dr. Paderes and Dr. Dewitt as defendants to this suit (collectively, "Defendants"). Plaintiff broadly alleges that Defendants violated the Eighth Amendment when they negligently failed to prevent, diagnose, and treat injuries he sustained at the prison. Plaintiff has paid the filing fee, *see* Doc. No. 5, and the court now screens the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). The Complaint is DISMISSED as detailed below, for Plaintiff's failure to state a claim. Plaintiff is granted leave to amend the Complaint, if possible, to cure its deficiencies.

# I. PLAINTIFF'S CLAIMS

Plaintiff alleges that he slipped and fell at HCF because DPS negligently failed to provide anti-skid mats or safety strips in the prison's shower area. *See* Compl., Count II, 6 ¶ 2. Plaintiff claims this constitutes deliberate indifference to his safety and a failure to protect him from danger.

Plaintiff further alleges that, after his fall, Drs. Paderes and Dewitt "failed to provide the appropriate level of care in a timely manner in adherence to contemporary standards." *Id.*; *see also* Count I, 5 ¶ 2. Plaintiff claims that Defendants then failed to protect him when he was transferred from HCF to the Saguaro Correctional Facility, in Arizona, "by failing to assure medical records, continuing medical orders and prescriptions and declining to approve Private Services Contractor to provide the previously authorized MRI, therapy, and specialist examination."[1] Compl., Count I, 5 ¶ 2.

# II. STATUTORY SCREENING

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint

---

[1] Plaintiff apparently means Defendants failed to ensure that his medical records were transferred with him to Arizona. He does not specify to which Defendants he refers.

or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).  If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

### III.  DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'"  *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009).  *Accord West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.     Rule 8 of the Federal Rules of Civil Procedure**

To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

Plaintiff's Complaint is the quintessential threadbare recitation of legal claims and terms-of-art unsupported by sufficient facts to allow either the court or a defendant to infer liability. Plaintiff's Complaint simply repeats legal buzzwords and phrases such as negligence, intentional negligence, deliberate indifference, and the failure to provide "the appropriate level of care in a timely manner in adherence to contemporary standards," in a conclusory fashion without explaining how these claims apply to him. Compl., Count II, 6 ¶ 4. Plaintiff provides no dates detailing when and how he fell, when and by whom he was treated or denied treatment, the type of treatment involved, when and how Dr. Paderes allegedly misdiagnosed him in the face of a conflicting diagnosis by an unnamed medical care provider, when and by whom he was denied required medical tests, or when he was transferred to Arizona, and what has occurred since

4

then.  Plaintiff provides no details at all concerning the accident, or any other facts that would allow this court to draw a reasonable inference that Defendants separately or in concert acted with conscious disregard for his constitutional rights. Plaintiff simply states that he fell because there were no safety strips in the shower area, he received a "conflicting diagnosis from Dr. Paderes," and that Defendants' actions or inactions constitutes "deliberate indifference and/or intentional negligence."  Compl. Count I, 5 ¶ 4.  As written, it is impossible to determine who did what to Plaintiff, what his specific claims against each individual Defendant entails, and how his constitutional rights were violated.  Plaintiff's Complaint fails to state a claim for relief.

**B.     The Department of Public Safety is Dismissed With Prejudice**

The Department of Public Safety, like any other governmental agency, is not a "person" who can be sued under 42 U.S.C. § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).  In addition, a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit."  *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their

official capacities are 'persons' under [42 U.S.C.] § 1983"); *Lawrence Livermore Nat'l Lab.*, 131 F.3d at 839.

Even if the court could construe the Hawaii Department of Public Safety as a local governmental unit susceptible to liability under § 1983, Plaintiff fails to allege that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

Moreover, Plaintiff claims that the Department of Public Safety acted *negligently* when it failed to provide shower mats or anti-skid strips on the prison's floor. Neither negligence nor gross negligence is actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). The applicable standard is one of deliberate indifference to inmate health or safety under the Eighth

Amendment, *see Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).

If Plaintiff's negligence claims are construed as pendent or supplemental state law claims, they nonetheless fail against the Department of Public Safety, because such claims against a state agency are barred by the Eleventh Amendment. *See, e.g., Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment.").

Plaintiff cannot sustain a federal action against the Department of Public Safety and his claims against it are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A(a)(2), as "seeking monetary relief from a defendant who is immune from such relief."

**C.  Claims Against DeWitt and Paderes are Dismissed**

Plaintiff claims that DeWitt and Paderes "ex[h]ibited deliberate indifference and/or intentional negligence to [his] right to adequate medical care and pain management." Compl. at 5 ¶ 4.

"Only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834. To prevail upon an Eighth Amendment claim against a prison official an inmate must meet two requirements, "one objective and one subjective." *Lopez*, 203 F.3d at 1132. "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." *Id.* at 1133 (quoting *Allen v. Sakai*, 48 F.3d 1082, 1087-88 (9th Cir. 1995)).

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Lopez*, 203 F.3d at 1131. Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. *See Lopez*, 203 F.3d at 1131-32. However, a claim "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Moreover, a

difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

From the bare facts alleged here, it is impossible to determine whether Plaintiff is asserting a negligence claim, an Eighth Amendment claim, or both. Plaintiff alleges that Dr. Paderes misdiagnosed his injury, "mis-prescribed" medication, failed to order x-rays or therapy, and prescribed medication "not normally used for pain-management of this type of injury." Compl., Count I at 5. These allegations suggest an assertion of negligence and a simple disagreement between a Plaintiff and the prison doctor over his treatment. As such, Plaintiff does not state a claim under § 1983.

Plaintiff also alleges, without supporting facts, that he was denied timely treatment. Liberally construing this claim as true and done with deliberate indifference -- meaning with objective and subjective awareness of the danger to Plaintiff -- this suggests a constitutional claim. Plaintiff does not, however, explain what happened to delay his treatment, the length of this delay, who is responsible for the delay, or detail the harm to him resulting from the delay. As such, he fails to state a claim under § 1983. And without a cognizable federal claim, the court

will not retain jurisdiction over Plaintiff's state law claims against Paderes or DeWitt.  *See* 28 U.S.C. § 1367(c)(3).

**D.     Leave to Amend**

The Complaint is DISMISSED for failure to state a claim.  Plaintiff is granted leave to file a proposed amended complaint on or before April 18, 2011.  The proposed amended complaint must (1) name specific, individual defendants and provide facts showing each defendant's separate involvement in Plaintiff's allegations; (2) comply with Fed. R. Civ. P. 8's requirements; and (3) otherwise cure the deficiencies noted above, specifically demonstrating how the conditions complained of have resulted in a deprivation of his constitutional rights.

The court will not refer to the original pleading to make any amended complaint complete.  Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading.  Defendants not named and any claims not realleged in any amended complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Furthermore, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  In an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Failure to timely submit a proposed amended complaint by April 18, 2011, will result in

AUTOMATIC DISMISSAL of this action for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).

**E.     28 U.S.C. § 1915(g)**

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." If Plaintiff is unable to amend the Complaint to cure the deficiencies enumerated in this Order, this dismissal may constitute a strike under 28 U.S.C. § 1915(g).

### IV.  CONCLUSION

IT IS HEREBY ORDERED that:

(1)     The Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1). The Department of Public Safety is DISMISSED with prejudice. All other defendants and claims are DISMISSED without prejudice.

(2) Plaintiff is GRANTED until April 18, 2011, to file a proposed amended complaint that cures the deficiencies and complies with the instructions above.

(3) Failure to file a proposed amended complaint on or before April 18, 2011, shall result in AUTOMATIC DISMISSAL of this action for failure to state a claim. If the proposed amended complaint fails to state a claim on which relief may be granted, it will be dismissed without further leave to amend and may thereafter be counted as a "strike" under 28 U.S.C. § 1915(g).

(4) The Clerk of Court is directed to mail a form prisoner civil rights complaint to Plaintiff so that he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 22, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Corso v. Paderes, et al.*, Civ. No. 11-00102 JMS/BMK; Order Dismissing Complaint; psas\ Screening\dmp\ 2011\ Corso JMS 11-102 (ftsc lv amd)