IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON THOMAS CORSO, | ) | CIVIL NO. 11-00102 JMS/BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING FIRST |
| vs. | ) | AMENDED COMPLAINT AND |
| | ) | ACTION |
| JOHN DOE 1, Warden, JOHN DOE 2, | ) | |
| Medical Administrator, SHARI | ) | |
| KIMOTO, Administrator, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION</u>**

Before the court is pro se Plaintiff Jon Thomas Corso's first amended prisoner civil rights Complaint ("FAC"). Corso's original Complaint was dismissed for failure to state a claim with leave granted to amend. Doc. No. 6. The FAC names the Warden of the Halawa Correctional Facility ("HCF"), the HCF Medical Administrator, and the Hawaii Department of Public Safety ("DPS") Mainland Branch Administrator, Shari Kimoto, as the only Defendants to this suit (collectively, "Defendants"). The court has screened the FAC pursuant to 28 U.S.C. § 1915A(a) and DISMISSES the FAC and action for failure to state a claim. *See* 28 U.S.C. § 1915A(b).

# I. THE FAC'S CLAIMS

Corso's FAC differs markedly from the original Complaint. In the original Complaint, Corso alleged that HCF physicians Dr. Paderes and Dr. DeWitt violated his constitutional rights by delaying and failing to provide adequate medical care for his 2009 slip-and-fall injury at HCF. Doc. No. 1, Compl., 5-6. Corso also alleged a state law negligence claim against DPS for its failure to prevent his accident. *Id.* at 6.

The FAC provides significantly more detail. Corso now alleges that, on February 25, 2009, he slipped and fell in the HCF shower area because the HCF Warden negligently failed to provide anti-skid mats or safety strips. *See* Doc. No. 9, FAC, Count I. Corso concludes that this constitutes deliberate indifference to his health and safety in violation of the Eighth Amendment.

Corso admits that he was treated for his injury by Dr. DeWitt. Corso states that, on May 5, 2009, DeWitt "re-prescribed" Vicodin, diagnosed him with sciatic nerve damage and recommended an outside consultation, an MRI, and pain management therapy. *Id.*, Count II at 6. This treatment plan recommendation was referred to a Special Utilization Review Panel ("SURP").[1] *Id.* Although Corso

---

[1] Although not explained in the FAC, SURP refers to an intra-departmental committee of physicians utilized by the DPS to determine whether an inmate needs outside medical care or surgery. *See Aholelei v. Kysar*, 2006 WL 2734299 (D. Haw. Sept. 25, 2006).

omits this information in the FAC, in his original verified Complaint, he alleged that Dr. Paderes gave a "conflicting diagnosis" and stated that DPS then "declin[ed] to approve Private Services Contractor to provide previously authorized MRI, therapy, and specialist examination." Doc. No. 1, Compl. at 5.[2] This clearly suggests that the SURP, in conjunction with Dr. Paderes' conflicting opinion, did not authorize Dr. DeWitt's treatment plan recommendation.

On May 20, 2009, Corso was transferred to the Saguaro Correctional Facility ("SCF"), located in Eloy, Arizona. Corso claims that, since his transfer to Arizona, SCF prison officials have refused to implement Dr. DeWitt's treatment plan solely because Kimoto and the HCF Medical Administrator failed to insure that it was included with Corso's medical records and sent to SCF. Corso asserts no claims against any SCF officials for the denial of medical care, but only alleges that Kimoto and the HCF Medical Administrator violated the Eighth Amendment

---

[2] Normally, an amended complaint completely supercedes an original complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The court takes notice of Corso's own declaration in the original Complaint, however, which Corso cannot dispute, and which simply provides additional context to his claims in the FAC. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (taking notice of allegations in declarations filed in support of a separate motion to dismiss and made part of the record); *see also United States v. 14.02 Acres*, 547 F.3d 943, 955 (9th Cir. 2008) (holding that, on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings) (citing *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001); Fed. R. Evid. 201(b) (stating "a judicially noticed fact must be one not subject to reasonable dispute").

"by failing to assure that prescribed treatment plan for Plaintiff was implemented upon transfer to mainland." Doc. No. 9, FAC, Count II at 7.

## II. **STATUTORY SCREENING**

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed as a matter of law for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 of the Federal Rules of Civil Procedure does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ----,

----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

In screening a pro se complaint, the court must construe it liberally and must afford the plaintiff the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the

defects of his Complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Karim-Panahi*, 839 F.2d at 623 (pro se litigant must be given leave to amend complaint unless it is absolutely clear that its deficiencies cannot be cured by amendment); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded in statute as stated in Lopez v. Smith*, 160 F.3d 567, 570 (9th Cir. 1998) (same).

### III. <u>DISCUSSION</u>

"To sustain an action under [42 U.S.C. §] 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009); *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.** **Count I Is Dismissed Without Prejudice**

Corso claims that he fell in the HCF shower area and injured himself in 2009, because the HCF Warden failed to provide shower mats and safety strips. Although the FAC asserts that the Warden acted with "deliberate indifference," the facts alleged, even if true, do not establish this level of culpability. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (holding that the applicable standard under the Eighth Amendment is deliberate indifference to inmate health or safety); *Wilson v.*

*Seiter*, 501 U.S. 294, 302 (1991). The closest that Corso comes to alleging deliberate indifference is his vague assertion that other inmates have fallen in the shower area. FAC at 5. Otherwise, Corso simply states the floors are slippery, necessitating anti-skid mats in the shower area. *Id.* This does not show that the HCF Warden knew of and unreasonably ignored an excessive risk or acted in a wanton manner. *See, e.g.*, *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (shackling a dangerous inmate in shower, "[e]ven if the floors of the shower are slippery[,]" does not violate the Eighth Amendment); *Snipes v. De Tella*, 95 F.3d 586, 592 (7th Cir. 1996) ("[T]he fact remains that an inch or two of water in the shower, even where one has a sore toe," is not an Eighth Amendment violation.).

In *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998), the Ninth Circuit found that slippery floors without protective measures could create a sufficient danger to warrant relief when prison guards were aware that the inmate was on crutches and had fallen and injured himself several times. As Corso alleges here, however, slippery floors alone, without more, "do[es] not state even an arguable claim for cruel and unusual punishment." *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989), *superseded by statute as stated in*, *Lopez*, 203 F.3d at 1130-31; *Tunstall v. Rowe*, 478 F. Supp. 87, 89 (N.D. Ill. 1979) (greasy staircase that caused prisoner to slip and fall did not violate the Eighth Amendment);

7

*Robinson v. Cuyler*, 511 F. Supp. 161, 163 (E.D. Pa. 1981) (slippery kitchen floor does not inflict cruel and unusual punishment); *Snyder v. Blankenship*, 473 F. Supp. 1208, 1212 (W.D. Va. 1979) (leaking dishwasher which caused prisoner to slip and fall did not violate Eighth Amendment). Corso alleges no handicap or other special circumstances that might transform his simple negligence claim into a federal cause of action. Corso's claim against HCF Warden therefore does not state a constitutional violation. *See Farmer*, 511 U.S. at 835-36 & n.4; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).

Normally, the court would exercise supplemental jurisdiction over a negligence claim pending resolution of any other constitutional claims properly brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1367(a) ("[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). But because Count II fails to state a claim for a constitutional violation, the court declines to exercise supplemental jurisdiction over Count I and DISMISSES it without prejudice.

### B. Count II Fails to State A Claim

Accepting Corso's claims as true and in the light most favorable to him, he alleges that he is not receiving medical care in Arizona because Kimoto and the HCF Medical Director failed to insure that Dr. DeWitt's recommended treatment plan was sent to SCF medical authorities and implemented. This allegation ignores, however, Corso's own statements that Dr. Paderes disagreed with DeWitt's treatment plan and that DPS officials, presumably on recommendation from the SURP, denied its implementation. *See* Doc. No. 1, Compl. at 5 ("[Defendants] declin[ed] to approve Private Services Contractor to provide previously authorized MRI, therapy, and specialist examination."). Even if Kimoto and the HCF Medical Director failed to ensure that Dr. DeWitt's treatment plan recommendation was sent to SCF as part of Corso's medical records, they have no responsibility to require prison officials, whether in Arizona or in Hawaii, to implement medical treatment that Corso admits was rejected by prison medical personnel. That is, their alleged failure to send the rejected treatment plan to SCF did not "deny" Corso medical care in Arizona. Moreover, as the court informed Corso in the March 22, 2011 Order Dismissing Complaint, a difference of opinion between Dr. DeWitt, Dr. Paderes, and the SURP physicians concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim.

9

*See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).[3] Although leave to amend is liberally granted, particularly to pro se civil rights plaintiffs, such leave is not appropriate when, as here, it is clear the pleadings' deficiencies cannot be cured by amendment consistent with Corso's factual allegations. *Lopez*, 203 F.3d at 1131. Corso's claim against Kimoto and the HCF Medical Director fails to state a claim and is DISMISSED with prejudice.

## C.    28 U.S.C. § 1915(g)

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal may constitute a strike under 28 U.S.C. § 1915(g).

---

[3] To the extent Corso alleges a claim for the denial of medical care, that denial is allegedly occurring in Arizona and should be filed there against SCF prison officials.

## IV. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The FAC is DISMISSED for failure to state a claim under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915A(b)(1). Specifically, Count II is dismissed with prejudice and the court declines to exercise supplemental jurisdiction over the claims in Count I.

(2) The Clerk of Court is directed to enter judgment and terminate this action. Corso is notified that this dismissal may be counted as a "strike" under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 27, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Corso v. Kimoto et al.*, Civ. No. 11-00102 JMS/BMK; Order Dismissing First Amended Complaint and Action; psas\ Screening\dmp\ 2011\ Corso 11-102 JMS (FAC dsm)